UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Vaundon W. Williams,

Petitioner,

vs.

Richard L. Stiff, Warden
F.C.I. Waseca, et. al.,

Respondent.

ORDER
and
REPORT AND RECOMMENDATION

Civ. No. 00-762 (JRT/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 19th day of May, 2000.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A) and (B), upon the Respondent's Motion for an Order granting an extension of time in which to file its Response to the Petition for a Writ of Habeas Corpus, and upon the Petitioner's Motion for Default Judgment. See, Rule 55(a), Federal Rules of Civil Procedure. For reasons which follow, we grant the Respondent's Motion for an extension, and we recommend that the Petitioner's Motion for the entry of default be denied.

FILED MAY 19 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

## II. Discussion

On March 28, 2000, the Petitioner filed his Petition for a Writ of Habeas Corpus which claims that he is being illegally detained by the Respondent for reasons which are violative of his rights under the Constitution, laws, or treaties of the United States. On April 3, 2000, following our receipt of this Petition, we issued an Order which directed the Respondent to show cause, within 20 days from the date of that Order, why relief should not be granted: (1) by making a Return in writing; or (2) by filing with the Court a reasoned Memorandum of law and fact fully stating the Respondent's legal position, and views on the need for this Court to conduct an Evidentiary Hearing on the merits of the Petition, given the requirements of the applicable Statutes and the pertinent United States Supreme Court authorities. See, Order dated April 3, 2000 [Docket No. 3].

Upon the expiration of that twenty-day period, we discovered that the Respondent had failed to comply with the terms of our Order, by filing a Return in writing, with the Clerk of Courts. As such, on May 9, 2000, we issued another Order, that granted the Respondent an additional ten days in which to comply with the terms of our Order of April 3, 2000. See, Order dated May 9, 2000 [Docket No. 5]. Thereafter, on May 16, 2000, the Respondent filed a Motion to Extend the time for responding to the Petitioner's

Habeas Petition. See, Respondent's Motion to Extend [Docket No. 7]. The following day, on May 17, 2000, the Petitioner filed his Motion for Default Judgment.

In our view, the extension sought by the Respondent is insubstantial, and therefore, we believe the interests of justice require the grant of the Respondent's Motion to Extend, notwithstanding his failure to fully explain why our earlier Order went unnoticed. Notably, such an oversight is an uncommon experience, and, when the oversight was drawn to the Respondent's attention, he promptly addressed the issue. To be sure, the response was in the form of a request for an extension, but the extension requested is not substantial, and our proper consideration of the issues presented warrant a considered, reasoned, response from the Respondent. Therefore, we grant the Respondent's request for a modest extension by which to serve and file his response.

Correlatively, we recommend that the Petitioner's Motion for Default Judgement be denied. In doing so, we note that "no court has ordered a habeas writ to issue solely because of delay." Hale v. Lockhart, 903 F.2d 545, 547 (8th Cir. 1990). "Those cases that have suggested that such a remedy theoretically may be available have done so in the context of habeas petitioners' seeking default judgments against the state or other responding party." Id., citing Bermudez v. Reid, 733 F.2d 18 (2nd Cir. 1983)(reversing the

district court's entry of a default judgment in petitioner's habeas case even though the State's repeated disregard of the District Court's direction respond to the petition was "inexcusable"), cert. denied, 469 U.S. 874 (1984); Ruiz v. Cady, 660 F.2d 337 (7th Cir. 1981); 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 55.05[6] (2nd ed. 1988).

"A default judgment is a sanction, Philips Medical Systems Int'l B.V. v. Bruetman, 8 F.3d 600, 602 (7th Cir. 1993), and a sanction should be proportionate to the wrong." Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994). As the Court stated in Bleitner:

> Releasing a properly convicted prisoner or imposing on the state the costs and uncertainties of retrying him, perhaps many years after the offense, is apt to be a disproportionate sanction for the wrong of failing to file a timely motion for an extension of time. This thinking informs the principle that default judgments are disfavored in habeas corpus cases.

Id., citing Hale v. Lockhart, 903 F.2d 545, 547-48 (8th Cir. 1990); Ruiz v. Cady, 660 F.2d 337, 340 (7th Cir. 1981); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987).

Habeas Corpus is a strong remedy and, therefore, it is reserved for serious, rather than merely technical, violations of rights. See, Hale v. Lockhart, supra at 548 (noting that Habeas petitioner's request for release, or retrial, was extreme); Waletzki v. Keohane, 13 F.3d 1079, 1081 (7th Cir. 1994). Were we to grant the Peti-

tioner's Habeas Petition without reaching the merits, it would be "the public at large that would be made to suffer, by bearing either the risk of releasing prisoners that in all likelihood were duly convicted, or the costly process of retrying them." Hale v. Lockhart, supra at 548, citing Bermudez v. Reid, supra at 21.

We recognize that the prompt disposition of Petitions for Habeas Corpus is desirable, and that, at some point a delay in the disposition of such a Petition, which is caused by the Government's willful refusal to file a response might infringe a petitioner's right to due process of law. See, Ruiz v. Cady, supra at 340. Nevertheless, "even when the case is nearing that point, the district court, rather than entering a default judgment, ordinarily should proceed to the merits of the petition, since if the petition has no merit the delay in disposing of it will in the usual case have caused no prejudice to the petitioner." Bleitner v. Welborn, supra at 653. Here, we see no evidence of recurrent, like conduct, no suggestion of willfulness, and the delay at issue is modest. Further, we see no evidence that the requested, additional delay, will seriously prejudice the Petitioner's rights. In Habeas Corpus proceedings, harm or prejudice must be shown to warrant relief. See, Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974); Lockett v. Blackburn, 571 F.2d 309, 314 (5th Cir.), cert. denied, 439 U.S. 873 (1978).

NOW, THEREFORE, It is --

ORDERED:

1. That the Respondents' Motion for Extension of Time to Respond [Docket No. 7] is GRANTED.

2. That the Respondents shall be, and hereby are, granted an extension of time until **May 30, 2000**, in which to file their Response in this matter.

AND, It is --

RECOMMENDED:

3. That the Petitioner's Motion for Default Judgment [Docket No. 8] be denied.

Raymond L Erickson

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 2, 2000**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture

of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 2, 2000,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.