UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VAUNDON W. WILLIAMS,

Petitioner,

v.

R.L. STIFF,
KATHLEEN HAWK-SAWYER, and
JANET RENO,

Respondents.

Civil File No. 00-762 (MJD/SRN)

**REPORT AND RECOMMENDATION**

Vaundon W. Williams, Federal Correctional Institution, Waseca, Minnesota, 56093, Petitioner, pro se.[1]

Frank J. Magill, Jr., Assistant U.S. Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN, 55415, for Respondents.

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on the petition of Vaundon W. Williams for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that the federal Bureau of Prisons ("BOP") has erroneously refused to give him credit toward his federal prison term for a certain period of time that he

[1] Petitioner was incarcerated at the Federal Correctional Institution at Waseca, Minnesota, when he commenced this action on March 28, 2000. According to Respondents, Petitioner was scheduled to be released from prison on June 24, 2000, but neither of the parties has advised the Court as to whether Petitioner has, in fact, been released. It should be noted that Petitioner's release from prison (if that has occurred) would not affect his eligibility for habeas corpus relief. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) ("[w]e have interpreted the statutory language... as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed") (emphasis added); Sesler v. Pitzer, 110 F.3d 569, 571 (8th Cir.) (prisoner's release from prison does not cause his habeas claims to be moot where the expiration of his supervised release term might be affected by the granting of a writ), cert. denied, 522 U.S. 877 (1997).

FILED SEP 19 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

spent in state custody before his federal sentence was imposed. Respondents have filed an answer contending that Petitioner is not entitled to the sentence credit he is claiming, and that his petition should be denied. The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, the Court concludes that Petitioner is not entitled to habeas corpus relief and that his petition should be dismissed with prejudice.[2]

## I. BACKGROUND

On February 18, 1998, Petitioner made an unsuccessful attempt to rob an Iowa credit union. He was arrested later that day, and was taken into custody. The following day, Petitioner appeared in a state district court pursuant to an outstanding state court warrant. That warrant had been issued before the attempted credit union robbery, because of Petitioner's failure to appear in court on a drunk driving charge. The state court set bail in Petitioner's drunk driving case at $10,000, but it appears he was unable to satisfy that bail requirement, and thus he was not released on bail while the state drunk driving charge was pending.

On February 20, 1998, while Petitioner was still in state custody for his drunk driving case, a federal detainer was issued against him for the attempted credit union robbery. Thus, if Petitioner had been able to post bail in his pending state criminal case, he presumably would have been taken into federal custody immediately.

---

[2] Respondents contend that R.L. Stiff, the Warden at the Federal Correctional Institution in Waseca, is the only proper respondent in this action, and that the other two named Respondents, BOP Director Kathleen Hawk-Sawyer and Attorney General Janet Reno, should be dismissed from this action. Although Respondents' argument is undoubtedly valid, Petitioner's error appears to be wholly inconsequential, because his petition will be dismissed on the merits in any event.

Petitioner was still in an Iowa county jail on May 15, 1998, when he pleaded guilty to the state drunk driving charge against him. He was sentenced to five years in state prison for that offense, with credit for the time he had already spent in jail. Following his state court conviction, Petitioner remained in state custody for approximately two weeks; but then on June 1, 1998, he was taken into federal custody on a federal writ of habeas corpus ad prosequendum in connection with the attempted credit union robbery.

On June 30, 1998, Petitioner was released from federal custody on a personal recognizance bond. That same day, he returned to state custody and was then released from state custody upon posting a $5,000 "appeal bond." By posting the appeal bond, Petitioner was able to stay out of state prison while he appealed his drunk driving conviction.

In November 1998, a federal jury found Petitioner guilty of attempted larceny in the credit union case. Petitioner was taken back into federal custody on December 17, 1998, before his federal sentence was imposed, for violating the conditions of his release on bond in the federal case. On January 25, 1999, he was sentenced to 21 months in federal prison, to be followed by three years of supervised release. Soon thereafter, Petitioner arrived at the Federal Correctional Institution in Waseca, Minnesota, where he was still confined when he filed his present habeas corpus petition.

On March 25, 1999, the Iowa Supreme Court affirmed Petitioner's drunk driving conviction. As a result, Petitioner's appeal bond presumably was revoked, and he presumably continues to be obliged to serve the balance of his state prison sentence. The present record, however, does not clearly indicate how much of Petitioner's state prison sentence must still be served, or when it will be served.

While serving his federal prison term, Petitioner asked the BOP to give him credit toward his sentence for the time that he spent in custody between February 18, 1998, and June 30, 1998. The BOP rejected that request, and advised Petitioner that he was not entitled to credit for any of the jail time in question, because all of that time had been credited toward his state sentence in the drunk driving case. After exhausting his BOP administrative remedies, Petitioner commenced the present habeas corpus action seeking federal judicial review of his sentence credit claim. For the reasons discussed below, the Court concludes that the BOP properly refused to give Petitioner credit toward his federal prison sentence for the time he was in custody before his federal trial.

## II. DISCUSSION

Petitioner's sentence credit claim is based on 18 U.S.C. § 3585(b), which provides as follows:

> "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence</u>."

(Emphasis added.)

Respondents rely on the highlighted language of this statute as the basis for denying Petitioner's sentence credit claim. They argue that Petitioner cannot receive credit toward his federal prison sentence for the time that he spent in custody between February 18, 1998, and June 30, 1998, because that time has been credited against another

sentence – namely the sentence imposed for his state drunk driving conviction. Petitioner does not deny that he has received credit toward his state sentence for the period of time at issue, but he claims that he is still entitled to have that time credited toward his federal sentence. That claim must be rejected.

A. Prohibition Against "Double Credit" For Time Spent In State Custody

Section 3585(b), on its face, clearly prohibits the BOP from giving a federal prisoner credit toward his federal sentence for pre-trial incarceration time that has already been credited toward some other sentence. In United States v. Wilson, the U.S. Supreme Court expressly noted that Congress, by enacting § 3585(b), "has made it clear that a defendant could not receive double credit for his detention time."

Petitioner nevertheless argues that he is indeed entitled to a double credit for the time he spent in state custody between February 18, 1998, and June 30, 1998, because, he contends, the final clause of § 3585(b) "can only pertain to another Federal Sentence." (Petitioner's Memorandum In Support Of Writ Of Habeas Corpus, [Docket No. 2], p. 3.) In other words, he claims that the double credit rule applies only when there are two federal sentences at issue -- not when there is one federal sentence and one state sentence. This argument, however, is clearly foreclosed by Eighth Circuit case law. As that Court explained in U.S. v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991) (per curiam):

> "A defendant is entitled to credit for time spent in official detention only if it has not been credited against another sentence. [Citing 18 U.S.C. § 3585(b).] In this case, [defendant] receives credit on his state sentence for the time he spends in state custody. Thus, [defendant] is not entitled to credit this time against his federal sentence." (Emphasis added.)

The Court of Appeals made the same observation in U.S. v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993), cert. denied, 511 U.S. 1059 (1994). See also U.S. v. Labeille-Soto, 163 F.3d

93, 99 (2nd Cir. 1998) (also noting that a defendant has no right to credit on his federal sentence for time that has been credited against a prior state sentence). Thus, Petitioner's argument that he is entitled to a double credit for his pre-trial incarceration -- once to reduce his state drunk driving sentence and again to reduce his federal attempted larceny sentence -- is directly contradicted by controlling Circuit Court case law.

Petitioner's reliance on U.S. v. Haney, 711 F.2d 113 (8th Cir. 1983), Brown v. United States, 489 F.2d 1036 (8th Cir. 1974), and Bloomgren v. Belaski, 948 F.2d 688 (10th Cir. 1991), is misplaced. As Respondents have correctly noted, all three of those cases involved the application of 18 U.S.C. § 3568 – a statutory predecessor to the current federal law governing sentence crediting. The critical language in § 3585(b), which limits sentence crediting to time "that has not been credited against another sentence," is conspicuously absent from § 3568, the old statute which was at issue in Haney, Brown and Bloomgren. This critical distinction between the old and new statutes was identified by the Supreme Court in Wilson as one of three specific ways by which "Congress altered § 3568... when it enacted § 3585(b)." 503 U.S. at 329. By changing the law, the Court said, "Congress made it clear that a defendant could not receive a double credit for his detention time." Id. Thus, the cases cited by Petitioner, which applied § 3568, are no longer relevant to the issue of double credit.

Aside from his arguments based on Haney, Brown and Bloomgren, Plaintiff makes two other arguments that warrant only brief discussion. First, he argues that "[t]he Constitution only enumerates the Federal Government power to govern its own Prison Regulations within itself and can not venture outside its scope to include foreign governmental entities prison sentencing procedures." (sic) (Petitioner's Memorandum,

[Docket No. 2], p. 3.) The Court understands Petitioner to be claiming that § 3585(b) cannot be construed to foreclose double crediting, because the statute would then unconstitutionally infringe upon the rights of the individual states to determine their own rules regarding sentencing credit. This argument must be rejected because § 3585(b) does not impose any restrictions of any kind on the states; it only limits the federal BOP's authority to give sentence credits toward federal sentences for the benefit of federal prisoners.

Petitioner also seems to be arguing that § 3585(b)(2) is not applicable to him because it applies only when a prisoner is seeking sentence credit for a period of time that he was in custody "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." (Emphasis added.) Petitioner apparently believes that § 3585(b)(2) does not apply to him at all, because he was originally arrested for his drunk driving offense before he committed the crime that precipitated his federal sentence. (See Petitioner's Memorandum, [Docket No. 2], p. 3, final paragraph.) Petitioner has failed to explain, however, how he could receive any credit toward his federal sentence for his pre-trial time in state custody, if § 3585(b)(2) does not apply to his case.

B. Petitioner's Status While Held In Federal Custody Pursuant To The Writ Of Habeas Corpus Ad Prosequendum

There is one remaining issue that warrants separate discussion, which is whether Petitioner is entitled to any sentence credit for the time that he was detained by federal authorities pursuant to a writ of habeas corpus ad prosequendum.

On June 1, 1998, federal prosecutors caused Petitioner to be transferred from state

custody to federal custody, pursuant to a writ of habeas corpus ad prosequendum. By that time, it will be recalled, Petitioner had already been convicted in state court, and he was already serving his five-year drunk driving sentence. Petitioner was held in federal custody for the entire month of June 1998, apparently for the purpose of prosecuting him for the attempted credit union robbery.[3] Petitioner contends that he was not serving his state prison sentence during the time when he was held pursuant to the writ of habeas corpus ad prosequendum. If that were so, then that period of time could perhaps be credited toward his federal prison sentence without violating the rule against double crediting.

As a general rule, however, a person who is transferred from state custody to federal custody pursuant to a writ of habeas corpus ad prosequendum is not considered to have been formally received into federal custody for purposes of federal sentencing law. As the Tenth Circuit Court of Appeals recently pointed out: "the law on this point is clear: a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3rd Cir. 2000), citing Jake v. Herschberger, 173 F.3d 1059, 1061, n. 1 (7th Cir. 1999); Chambers v. Holland, 920 F.Supp. 618, 622 (M.D.Pa.), aff'd 100 F.3d 946 (3rd Cir. 1996); U.S. v. Smith, 812 F.Supp. 368, 371-72 (E.D.N.Y. 1993).

In Jake, the Court of Appeals explained the meaning and effect of a writ of habeas corpus ad prosequendum as follows:

---

[3] Respondents represent that Petitioner was not formally charged with the credit union robbery until September of 1998. (Return, [Docket No. 12], p. 33.) It is not clear why Petitioner apparently was taken into federal custody for the entire the month of June 1998, then released, and then formally charged several months later.

> "This writ permits one sovereign -- called the "receiving sovereign" -- to "borrow" temporarily a person in the custody of another sovereign -- called the "sending sovereign" -- for the purpose of prosecuting him. It thus permits the receiving sovereign to perform such acts as indicting, arraigning, trying, and sentencing the person. See Flick v. Blevins, 887 F.2d 778, 781 (7th Cir.1989) (per curiam) [cert. denied, 495 U.S. 934 (1990)]. Because the receiving sovereign merely obtains limited jurisdiction over the "borrowed" prisoner, the prisoner is still under the jurisdiction of the sending sovereign, and is considered to be in the custody of the sending sovereign not the receiving sovereign. See id."

173 F.3d at 1061.

A similar explanation is provided in the Chambers decision:

> "Primary jurisdiction [over a criminal defendant] remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence. United States v. Warren, 610 F.2d 680, 684-85 (9th Cir.1980). See also: Roche v. Sizer, 675 F.2d 507, 510 (2d Cir.1982) (holding that federal court relinquished jurisdiction by releasing prisoner on bail). Primary jurisdiction over a state prisoner ends and federal custody over him commences only when the state authorities relinquish him on satisfaction or extinguishment of the state obligation. Smith, 812 F.Supp. at 370, citing Thomas v. Whalen, 962 F.2d 358, 361 n. 3 (4th Cir.1992). [¶] Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody. Thomas v. Brewer, 923 F.2d [1361] at 1366-67 [(9th Cir. 1991)]."

920 F.Supp. at 622 (emphasis added).

In the instant case, Petitioner has offered no reason to believe that the State of Iowa relinquished its jurisdiction and right of custody over him when it complied with the writ of habeas corpus ad prosequendum, and allowed the federal government to temporarily detain him for the purpose of prosecuting federal criminal charges against him. Nor has Petitioner shown that he will not receive credit toward his state drunk driving sentence for the time that he was detained by federal authorities during the month of June 1998.

Because Petitioner effectively remained in state custody during the period of June

1-30, 1998, (even though he was being physically held by federal authorities), and he apparently will receive credit toward his state sentence for that period of time, that time could not properly credited toward his federal sentence. If Petitioner had been given credit toward his federal sentence for the time that he was held pursuant to the the writ of habeas corpus ad prosequendum, the BOP would have violated § 3585(b)'s rule against double-crediting. See Rios, 201 F.3d at 274 ("we agree with those courts which have determined that the general rule prohibiting double credit articulated in section 3585(b) applies equally to situations where, as here, the prisoner was in federal control pursuant to a writ of habeas corpus ad prosequendum during the time period for which pre-sentence credit is sought"); Chambers, 920 F.Supp. at 622 ("[w]hen [petitioner] was produced in federal court pursuant to a writ [of habeas corpus ad prosequendum], he was essentially 'borrowed' from state custody[;] [h]e cannot, therefore, be given credit toward his federal sentence for the time he was in federal custody on [the] writ"). Thus, the Court concludes that Petitioner was not entitled to credit toward his federal sentence for the time during June 1998 when he remained a prisoner of the State of Iowa but was held pursuant to the federal government's writ of habeas corpus ad prosequendum.

In sum, § 3585(b) expressly precludes the type of double sentence credit that Petitioner is seeking here. Therefore, Petitioner's sentence credit claim must be rejected on the merits, and his petition for a writ of habeas corpus must be dismissed with prejudice.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DENIED; and

2. This action be DISMISSED WITH PREJUDICE.

Dated: September 19, 2000

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.